# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-1193
Filed July 22, 2026

————————————

**Todd Bogenschutz and Kim Bogenschutz,**
Plaintiffs–Appellants,

v.

**Griess Investment, LLC,**
Defendant–Appellee.

————————————

Appeal from the Iowa District Court for Boone County,
The Honorable Derek Johnson, Judge.

————————————

**AFFIRMED**

————————————

Meredith C. Mahoney Nerem and John D. Jordan of Jordan & Mahoney
Law Firm, P.C., Boone, attorneys for appellants.

Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C.,
West Des Moines, attorney for appellee.

————————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Todd and Kim Bogenschutz own and live on an acreage in rural Boone County. A deep ravine runs roughly east to west across their property, separating the property into northern and southern portions. The southern portion is connected to a public roadway; the northern portion is not. Both the northern and southern portions have tillable acres, which the Bogenschutzes rent to farm tenants to grow row crops. The northern portion has a little over fourteen acres of tillable land. A path through the ravine connects both portions of their property. The Bogenschutzes can travel the path on foot or in all-terrain vehicles. Currently, the path is not suitable for farming equipment.

Griess Investment, LLC owns the property next to the Bogenschutzes. For decades, Griess consented to the Bogenschutzes and their tenant farmers traveling across its property with farming equipment to access the northern portion's farmland. In March 2023, however, Griess revoked its consent, leaving the Bogenschutzes unable to get farming equipment to and from the northern portion of their property.

In June 2024, the Bogenschutzes filed a declaratory judgment action against Griess, asking the court to establish an easement by necessity across Griess's property. Griess filed an answer denying the Bogenschutzes' claim and bringing counterclaims for civil trespass, crop damage, and soil compaction. The Bogenschutzes denied the counterclaims.

The case proceeded to a May 2025 bench trial. The parties agreed that unity of title was severed in 1963 when the parcels were conveyed to third parties, who are not involved in this matter. At trial, one of the Bogenschutzes' witnesses testified it would cost approximately $173,000 to modify the pathway on the Bogenschutz property to make it passable

2

between the northern and southern portions with farming equipment. The evidence also established that from 2020 to 2023 the Bogenschutzes' tax returns showed a rental real estate loss each year they rented out the farmland in the northern portion of their property. In 2024, when the Bogenschutzes did not rent the farmland in the northern portion of their property, their tax returns indicated that they made money.

In June, the district court entered an eleven-page ruling denying the Bogenschutzes' request for an easement by necessity and denying Griess's counterclaims. The district court concluded that the Bogenschutzes failed to establish the necessity of an easement based on: (1) "the financial burden on Griess," (2) "the lack of financial damage to the Bogenschutzes," and (3) "the Bogenschutzes' failure to show the necessity of an easement at the time of severance." The Bogenschutzes appeal.

On our de novo review,[1] we agree with the district court's well-reasoned ruling that the Bogenschutzes have failed to prove they are entitled to an easement by necessity. *See Nichols v. City of Evansdale*, 687 N.W.2d 562, 568 (Iowa 2004) (summarizing law applicable to easement-by-necessity claims). We conclude the district court properly denied the Bogenschutzes' declaratory judgment claim. A full opinion would not provide a better analysis than the district court has already given, nor would it develop or clarify the applicable law, so we affirm by memorandum opinion. *See* Iowa Ct. R. 21.26(1)(a), (d)–(e).

**AFFIRMED.**

---

[1] *See* Iowa R. App. P. 6.907 ("In equity cases review is de novo.").